LODGED
CLERK, U.S. DISTRICT COURT

FEB 1 9 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

FEB 2 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY        R.L.            DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodrigo DeCasas<br><br>PLAINTIFF(S)<br>v.<br><br>Audrey King<br><br>DEFENDANT(S). | CASE NUMBER<br><br>2:14-cv-01275-          (E)<br><br>**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE** |

IT IS ORDERED that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____          _____
Date                                            United States Magistrate Judge

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency            ☐ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous   ☐ Immunity as to _____
☑ Other: _See Attachment._

Comments: _See Attachment._

_2/21/14_                          [signature]
Date                                            United States Magistrate Judge

IT IS ORDERED that the request of plaintiff to file the action without prepayment of the filing fee is:
☐ GRANTED          ☑ DENIED (See comments above).

_2/25/14_                          [signature]
Date                                            United States District Judge

CV-73A (01/10)          **ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE**

**ATTACHMENT**

**CV 14-1275**


Plaintiff is a state detainee who assertedly is the subject of civil commitment proceedings under California's Sexually Violent Predator Act ("SVPA").  Plaintiff seeks to bring a civil rights action for, <u>inter alia</u>, injunctive relief against the continuance of his SVPA detention.  Plaintiff contends that the State of California has no legitimate interest in committing him as a sexually violent predator because he assertedly is a deportable alien.


Plaintiff's proposed civil rights action is legally untenable.  Habeas corpus is the exclusive remedy for a state detainee who challenges the legality of the detention and seeks a speedier release therefrom.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Huftile v. Miccio-Fonseca</u>, 410 F.3d 1136, 1139-40 (9th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1166 (2006) (habeas corpus is remedy for relief from civil commitment under the SVPA); <u>Carmony v. Mayberg</u>, 2011 WL 86662, at *1-2 (E.D. Cal. Jan. 10, 2011) (detainee seeking to challenge constitutionality of civil commitment must proceed by way of habeas corpus); <u>Hubbs v. Alamao</u>, 360 F. Supp. 2d 1073, 1080 (C.D. Cal. 2005) ("a civil committee . . . cannot seek to overturn his civil commitment

proceedings in a civil rights action for damages and injunctive relief") (citation omitted).

The Court should not convert the proposed Complaint into a petition for writ of habeas corpus. "When the intent to bring a habeas petition is not clear . . . the district court should not convert a defective section 1983 claim into a habeas petition." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Moreover, if Plaintiff's SVPA proceedings are ongoing, any action (including a habeas action) would be dismissed pursuant to the Younger abstention doctrine. See, e.g., MacKenzie v. Hutchens, 2013 WL 3404330 (C.D. Cal. July 8, 2013) (undocumented alien's habeas challenge to the constitutionality of the alien's ongoing SVPA proceedings dismissed pursuant to Younger abstention doctrine).

Finally, if Plaintiff's SVPA proceedings have concluded, Plaintiff's civil rights action would be barred by the principles discussed in Heck v. Humphrey, 512 U.S. 477 (1994). See, e.g., Huftile v. Miccio-Fonseca, 410 F.3d at 1140-41.

2